**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR GONZALES AGUILAR, | Case No. 2:26-cv-01317 KES HBK (HC) |
| Petitioner, | A-Number: 221493809 |
| v. | ORDER GRANTING PRELIMINARY INJUNCTION AND REQUIRING BOND HEARING WITHIN 14 DAYS |
| WARDEN, CALFORNIA CITY CORRECTIONAL CENTER, | |
| Respondents. | Doc. 2 |

Before the Court is petitioner Omar Gonzales Aguilar's motion for temporary restraining order.  Doc. 2.  The Court previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.  Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*

1

Respondents state that they "do not have legal arguments to distinguish this case from prior orders issued by the Court." Doc. 6 at 2.  While respondents oppose the motion, they do not raise any new arguments.[1]  *Id.* at 2-3.[2]  Respondents do not object to converting the motion and waive oral argument.  *Id.* at 2.[3]

As respondents have not made any new legal arguments and have not identified any legal or factual issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, 2026 WL 70553 (E.D. Cal. Jan. 8, 2026) , *J.A.C.P. v. Wofford*, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Omar Gonzales Aguilar (A-Number: 221493809) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents SHALL provide 48 hours' written notice before the bond hearing.

///

[1] Respondents note that "Petitioner was taken into custody by immigration officers following his conviction for Driving under the Influence of Alcohol."  Doc. 6 at 2; *see also* Doc. 6-1 at 2. Respondents do not argue that this misdemeanor conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c).  While petitioner's conviction may be relevant to an immigration judge's determination at a bond hearing, they do not eliminate petitioner's right to such a hearing.

[2] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)).  Doc. 6 at 2-3.  The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[3] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeals in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.) and *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.).  Doc. 6 at 4.  *Rodriguez* concerns whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  *Carballo* concerns an as-applied constitutional challenge to detention under § 1226(c).  Given the nature of the relief petitioner seeks, the Court declines to defer a ruling on the motion for preliminary relief.  The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

2

If respondents do not provide petitioner with a bond hearing within the ordered time, then respondents are enjoined and restrained from continuing to detain petitioner beyond that fourteen-day time period.

Respondents are ORDERED to provide petitioner with a copy of this Order immediately.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 16, 2026

_____
UNITED STATES DISTRICT JUDGE

3